J-S10024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| | : | |
| TAMMIE LYNN BARLOW | : | |
| | : | |
| Appellant | : | |
| | : | No. 1277 MDA 2024 |

Appeal from the Judgment of Sentence Entered August 21, 2024
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000394-2023

BEFORE:  BOWES, J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.:                     **FILED: APRIL 24, 2026**

Appellant, Tammie Lynn Barlow, appeals from the judgment of sentence entered on August 21, 2024, following the revocation of her probation.[1]  Upon careful consideration, we affirm revocation, vacate Appellant's sentence, and remand for resentencing.

We briefly summarize the facts and procedural history of this case as follows.  On October 25, 2023, Appellant pled guilty to two counts of possession of a controlled substance by person not registered, possession of drug paraphernalia, driving an unregistered vehicle, and driving with a suspended or revoked license.[2]  On December 13, 2023, the trial court

_____

[1] Appellant's judgment of sentence became final with the denial of Appellant's post-sentence motion on August 27, 2024.

[2] 35 P.S. § 780-113(a)(16), 35 P.S. §780-113(a)(32), 75 Pa.C.S.A. § 1301(a), and 75 Pa.C.S.A. § 1543, respectively.

sentenced Appellant to two years of probation, with the first six months served on house arrest with electronic monitoring. On July 11, 2024, the Lebanon County Probation Department filed notice of two alleged technical violations of Appellant's probation.[3] More specifically, the notice alleged that Appellant used methamphetamine on June 14, 2024 in violation of general rules of probation prohibiting the use of controlled substances and, separately, that her June 14, 2024 drug use also violated the general conditions of her house arrest. The trial court held a violation of probation hearing on August 21, 2024, wherein Appellant stipulated that she, in fact, engaged in conduct that violated two conditions of her probation. N.T., 8/21/2024, at 2. By order entered on August 21, 2024, the trial court determined that Appellant violated the terms of her probation and resentenced her to an aggregate term of nine to 23 months of imprisonment. On August 26, 2024, Appellant filed a post-sentence motion seeking modification of her punishment. The trial court denied relief by order entered on August 27, 2024. This timely appeal

_____

[3] The Resentencing Guidelines, which became effective on January 1, 2021, define the term "probation violation" as "[a] finding by a court of record, following a hearing, that the offender failed to comply with terms and conditions of an order of probation." 204 Pa. Code § 307.1. Meanwhile a "technical violation" is defined by the Resentencing Guidelines as a "[f]ailure to comply with the terms and conditions of an order of probation, other than by the commission of a new offense of which the offender is convicted in a court of record." *Id.*

resulted.[4]  On August 20, 2025, while this appeal was pending before our Court, counsel for Appellant filed a motion for post-submission communication pursuant to Pa.R.A.P. 2501(B), informing this Court of three subsequent cases decided after appellate briefs were filed in this matter.[5]

On appeal, Appellant presents the following issue for our review:

1. Did the trial court err in committing Appellant to a sentence of total confinement in violation of 42 Pa.C.S.A. § 9771 for a technical violation [of probation] which exceed[ed] the recommended sentence of fourteen (14) days?

Appellant's Brief at 2.

At the outset, we note that Appellant does not challenge the determination that she engaged in an act that violated the terms and

_____

[4] Appellant filed a timely notice of appeal on September 3, 2024. By order entered on September 5, 2024, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on September 6, 2024. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 22, 2024.

[5] Counsel for Appellant maintained that our Court's published opinion in **Commonwealth v. Slaughter**, 339 A.3d 456 (Pa. Super. 2025), an unpublished judgment order entered in **Commonwealth v. Kurtz**, 341 A.3d 136 (Pa. Super. 2025), and a *per curiam* order entered on August 20, 2025, consolidating and granting *en banc* certification in **Commonwealth v. Seals**, 1350-1352 MDA 2024, may be applicable to this case. As a result, by order entered on October 29, 2025, this Court stayed this appeal pending the *en banc* decision in **Seals**, **supra**. Our Court decided **Seals** on February 17, 2026, and this case is now ripe for disposition. Moreover, in light of our October 2025 stay order and our resolution of this appeal in accordance with **Seals**, as discussed at length herein, we consider the issues raised in Appellant's post submission communication to be fully addressed and, hence, close Appellant's application for relief with this Court.

conditions of her probation.[6] *Id.* at 5 and 8. Instead, Appellant argues that

42 Pa.C.S.A. § 9771, pertaining to revocation of probation, includes

amendments that became effective on June 11, 2024[7] and applied to

_____

[6] Appellant admitted and stipulated that she violated the technical terms of her probation and it was her first violation. *See* N.T., 8/21/2024, at 2; *see also* Appellant's Brief at 5 and 8 (on appeal, Appellant is not challenging the determination that she violated the terms of her probation). As such, we affirm Appellant's revocation of probation.

[7] 42 Pa.C.S.A. § 9771(c) (modification or revocation of order of probation) was amended by Act 44 of 2023. *See Seals*, 2026 PA Super 29, at *1 n.3, *citing* Act of Dec. 14, 2023, P.L. 381, No. 44 (effective June 11, 2024). "Act 44 substantially limited the court's resentencing authority under [Section 9771](c)." *Id.* at *5. The newly enacted provision provides that "[t]here is a presumption against total confinement for technical violations of probation." 42 Pa.C.S.A. § 9771(c). The new provisions provide that the trial court "may impose a sentence of total confinement upon revocation only if:"

> (i) the defendant has been convicted of another crime;
>
> (ii) the court finds by clear and convincing evidence that the defendant committed a technical violation that involves an identifiable threat to public safety and the defendant cannot be safely diverted from total confinement through less restrictive means; or
>
> (iii) the court finds by a preponderance of the evidence that the defendant committed a technical violation and any of the following apply:
>
>> (A) The technical violation was sexual in nature.
>>
>> (B) The technical violation involved assaultive behavior or included a credible threat to cause bodily injury to another, including acts committed against a family or household member.

*(Footnote Continued Next Page)*

individuals, like Appellant, who are resentenced after the effective date of the

pertinent revisions. *Id.* at 6-7. Appellant claims that, under amended

Section 9771(c)(2)(i), the trial court (in the absence of certain circumstances

that have not, to date, been established during the revocation proceedings)

---

(C) The technical violation involved possession or control of a firearm or dangerous weapon.

(D) The technical violation involved the manufacture, sale, delivery or possession with the intent to manufacture, sell or deliver, a controlled substance or other drug regulated under ... [t]he Controlled Substance, Drug, Device and Cosmetic Act.

(E) The defendant absconded and cannot be safely diverted from total confinement through less restrictive means.

(F) The technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate occasions and the defendant cannot be safely diverted from total confinement through less restrictive means. For purposes of this clause, multiple technical violations stemming from the same episode of events shall not constitute separate technical violations.

(2) If a court imposes a sentence of total confinement following a revocation, the basis of which is for one or more technical violations under paragraph (1)(ii) or (iii), the court shall consider the employment status of the defendant. The defendant shall be sentenced as follows:

(i) For a first technical violation, a maximum period of 14 days.

42 Pa.C.S.A. § 9771(c). "[T]hrough the enactment of Act 44, [S]ection 9771(c) prohibits the court from imposing a sentence of total confinement for a technical violation of probation, subject to delineated exceptions, and imposes specific, relatively short maximum sentences for a period of confinement imposed for a first or second technical violation." *See Seals*, 2026 PA Super 29, at *6.

was not authorized to impose a sentence of nine to 23 months' total confinement following a first technical violation of probation. *Id.* at 8. Here, Appellant notes that her revocation sentence was imposed on August 27, 2024, after the June 11, 2024 effective date for amendments to Section 9771, and, therefore, the recent amendments to Section 9771 prospectively applied to her.[8] *Id.* at 7. Appellant contends that the trial court erred as a matter of law in concluding that, because Appellant was initially sentenced on December 13, 2023, the date of her original sentence precluded application of the amendments to Section 9771, which went into effect on June 11, 2024. *Id.*

"[A] claim that the trial court failed to adhere to [S]ection 9771(c) when resentencing a probationer to a period of total confinement implicates the legality of the sentence, not its discretionary aspects." *See Seals*, 2026 PA Super 29, at \*11. "We review a challenge to the legality of a sentence *de novo* and with a plenary scope of review." *Id.* at \*14. The *Seals* Court further determined:

> [W]hen resentencing a probationer following a revocation of probation, [S]ection 9771(b) generally authorizes the sentencing court to exercise its discretion to choose among the same sentencing alternatives that were available at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b); *see also id.* § 9721(a). The plain language of the statute, however, limits this discretion, in relevant part, for resentences to terms of incarceration. *Id.* Section 9771(c) contains an express "presumption" that total

---

[8] Additional amendments to Section 9771 were approved by the General Assembly on July 21, 2025 with an effective date of October 20, 2025. *See* P.L. 127, No. 38, § 1 (July 21, 2025, effective in 90 days). These recent amendments are not relevant to the issues raised in this appeal.

confinement is not warranted for technical violations of probation and authorizes the court to impose a term of imprisonment "only if" one of the statutory prerequisites in subsection (1) exist. ***Id.*** § 9771(c)(1). In addition to another criminal conviction, the General Assembly made an exception to this prohibition solely for technical violations that meet specified criteria relating to the probationer's conduct, which must be proven to a specified evidentiary standard; for several provisions, the trial court must first rule out less restrictive resentencing alternatives. ***Id.*** § 9771(c)(1)(i)-(iii).

If the Commonwealth satisfies its burden of proving one of the three exceptions to the prohibition against incarceration for technical violations of probation, only then does the trial court have discretion to impose a resentence of total confinement. ***See id.*** § 9771(c) (providing that the trial court "may impose a sentence of total confinement" if the Commonwealth establishes one of the enumerated exceptions to the presumption against total confinement of technical probation violators). In the absence of the requisite proof of one of the three exceptions, however, the trial court has no such discretion and is prohibited from issuing a sentence of incarceration for a technical probation violation. ***Id.*** In other words, without the fulfillment of statutory preconditions, [S]ection 9771(c) strips the sentencing court of its customary authority to exercise discretion in sentencing.

This is also true for the sentence of incarceration the trial court may impose. Section 9771(c)(2) specifically delineates the maximum allowable sentence of total confinement for a first and second technical violation. ***Id.*** § 9771(c)(2). Any sentence imposed in excess of the statutory maximum is unquestionably illegal. ***See Commonwealth v. Shiffler***, 583 Pa. 478, 879 A.2d 185, 189 (2005).

***Id.*** at *11-12. For a first technical violation of probation, the court may only impose a maximum period of 14 days of incarceration. 42 Pa.C.S.A. § 9771(c)(2)(i).

Ultimately, in ***Seals***,

[w]e reject[ed] the trial court's contention that Act 44 applie[d] only to defendants who were sentenced or resentenced to

- 7 -

probation on or after June 11, 2024, and the corollary that Act 44 d[id] not apply [] because Seals was resentenced to a term of total confinement. By its express terms, Act 44 does not limit its application to individuals resentenced to probation. *See* Act of Dec. 14, 2023, P.L. 381, No. 44, § 5(1)-(2). Nor would such an interpretation make logical sense, as Act 44 plainly restricts a trial court's authority to impose a term of total confinement upon resentencing. *See* 42 Pa.C.S.A. § 9771(c). Moreover, the modifications made by Act 44 to the Sentencing Code extend beyond probation resentencing.

Uncodified provisions of Act 44 state that it "shall apply" to two groups: (1) "individuals sentenced or resentenced on or after the effective date of this [S]ection"; and (2) except for [S]ection 9774.1,[31] "individuals sentenced or resentenced prior to the effective date of this [S]ection." *See* Act of Dec. 14, 2023, P.L. 381, No. 44, § 5. Stated another way, by its express terms, Act 44's amendments (other than [S]ection 9774.1) "are to be construed retroactively," as "clearly indicated under the provisions of the statute." *Commonwealth v. Shaffer*, 557 Pa. 453, 734 A.2d 840, 843 (1999) (citation omitted).

At the General Assembly's directive, Act 44's amendments codified at 42 Pa.C.S.A. § 9771(c) apply to Seals because he was resentenced after the effective date of Act 44. But even if he had been sentenced prior to the effective date of Act 44, the General Assembly makes clear that it would still have applied to him. Thus, the trial court erred by applying the prior version of [S]ection 9771(c) when imposing Seals' resentence.

Because the trial court found that the amended version of [S]ection 9771(c) did not apply to Seals' resentencing, it did not make any findings as to whether Seals' technical violations satisfied the prerequisites to imposing a sentence of total confinement. *See* 42 Pa.C.S. § 9771(c)(1). Further, Seals' sentence of total confinement [was] far greater than the maximum authorized sentence for a first (or second) technical probation violation. *See id.* § 9771(c)(2)(i). As the trial court exceeded the authority bestowed upon it under the applicable version of [S]ection 9771(c) to impose a sentence of total confinement following the revocation of Seals' probation, his sentence [was] illegal. Accordingly, we vacate[d] Seals' judgment of sentence and remand[ed] to the trial court for resentencing pursuant to the amended version of [S]ection 9771.

*See Seals*, 2026 PA Super 29, at *19.

Here, in light of our *en banc* decision in **Seals**, we agree with Appellant that the amended version of Section 9771(c) applied when resentencing her upon the revocation of her probation. As such, the trial court erred as a matter of law in applying the prior version of the statute. Upon further review of the revocation proceeding, the trial court did not make any findings as to whether Appellant's technical violations satisfied the prerequisites prior to imposing a sentence of total confinement under 42 Pa.C.S.A. § 9771(c), *inter alia*, the technical violations involved a sexual nature, an identifiable threat to public safety, assaultive behavior, possession or control of a firearm, sale of narcotics, abscondence, and/or three occasions of intentional failure to adhere to recommended programming. **See** 42 Pa.C.S.A. § 9771(c). Accordingly, the trial court lacked the authority to impose its sentence of total incarceration. Moreover, the trial court's sentence of nine to 23 months of incarceration clearly exceeds "a maximum period of 14 days" as set forth by 42 Pa.C.S.A. § 9771(c)(2)(i). For all of the foregoing reasons, Appellant's sentence is illegal. Accordingly, we affirm the revocation of Appellant's probation, but remand for resentencing consistent with this decision.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>04/24/2026</u>